UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANY MANUEL CASTRO PEREZ, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-96-CCB-SJF |
| KRISTI NOEM, TODD M. LYONS, SAMUEL OLSON, BRIAN ENGLISH, and PAMELA BONDI, | |
| Respondents. | |

## OPINION AND ORDER

Immigration detainee Dany Manuel Castro Perez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the government is ordered to either release him or provide him with a bond hearing forthwith.

Mr. Castro Perez is a citizen of Guatemala who entered the United States in November 2021 when he was 17 years old. (ECF 7-2 at 1, 39.) He was detained by Immigration and Customs Enforcement (ICE) at the border, but the following month he was released on his own recognizance and went to live with his uncle, who was then residing in the United States. (*Id.* at 1-10.) Removal proceedings were initiated against him, but in 2023, he was granted deferred action status by the United States Citizenship and

Immigration Services (USCIS) pursuant to a special immigrant juvenile petition.[1] (*Id.* at 27, 39.) In January 2024, an immigration judge (IJ) granted his request to terminate his removal proceedings. (*Id.* at 25.)

On January 1, 2026, he was arrested by local police in Lynn, Massachusetts, on a charge of battery. (*Id.* at 34.) After being processed and released on bail in connection with the battery charge, he was arrested by ICE agents pursuant to an administrative warrant. (*Id.* at 28, 31.) In late January 2026, his deferred action status was terminated by USCIS, a decision he intends to challenge as unwarranted. (*Id.* at 39; ECF 9 at 3-4.) He is being held at Miami Correctional Facility (MCF) pending removal proceedings. (ECF 1.) He argues that he has been denied his right to be considered for release on bond because the government has concluded that he is statutorily ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.* at 5.) He argues that his continued detention without an opportunity for bond violates applicable statutes and their implementing regulations, as well as the Fifth Amendment's Due Process Clause. (*Id.* at 4-5.) He seeks immediate release or, alternatively, a prompt bond hearing. (ECF 9 at 2.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in

---

[1] The special immigrant juvenile program (SIJ) was created to prevent "hardships" experienced by juveniles who enter the United States "by providing qualified aliens with the opportunity to apply for special immigrant classification and lawful permanent resident status, with possibility of becoming citizens of the United States in the future." 58 Fed. Reg. 42843-01 (Aug. 12, 1993); *see also* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J).

2

concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 7), and Mr. Castro Perez has filed a reply (ECF 9).

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Castro Perez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 7.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the

United States.[2] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Castro Perez who are arrested within the interior of the country years after their arrival. Application of the statute here is particularly untenable, given that Mr. Castro Perez lived in the United States for a period of years pursuant to a grant of relief by USCIS. *See, e.g., Giron Bautista v. Secretary of U.S. Dep't of Homeland Security, et al.*, No. 2:26-CV-75-JES-DNF, 2026 WL 183556, at *1 (M.D. Fla. Jan. 23, 2026) (noncitizen who had been living and working in United States pursuant to grant of deferred action status could not be categorized as an applicant seeking admission under 8 U.S.C. § 1225(b)(2)); *Escobar-Ruiz v. Raycraft,* No. 1:25-cv-1232, 2025 WL 3039255, at *4 (W.D. Mich. Oct. 31, 2025) (deferred action status recipient "cannot logically be said to be seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2); *Salvador v. Bondi*, No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025) ("[W]hen Petitioner crossed the border [as a juvenile] and was apprehended, the government did not classify him as an applicant for admission subject to expedited removal. That Petitioner should now—approximately four years after entering the country and being released by [the government]—be treated as an 'applicant for admission' defies logic.").

---

[2] The court is aware of the 2-1 opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, ___F4th___, 2026 WL 323330, at *9 (5th Cir. Feb. 6, 2026), reaching a different conclusion. This opinion is not binding in this Circuit, and the court remains convinced that its prior analysis of § 1225(b)(2) is sound.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Here, Mr. Castro Perez was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 7-2 at 31.) However, he has not been provided with a bond hearing in accordance with that statute, because immigration officials view him as ineligible for bond under § 1252(b)(2).[3] This was error for the reasons previously explained.

The court concludes that the appropriate remedy in this situation is an order requiring the government to provide the petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No.

---

[3] It appears that Mr. Castro Perez did not file a motion for a custody redetermination because he thought it would be futile to do so in light of the Board of Immigration Appeals' decision in *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). The government does not argue lack of exhaustion, and "exhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted). The court finds that to be the case here. Under normal procedures immigration officials would have made an initial bond determination under regulations implementing 8 U.S.C. § 1226—even without a request from Mr. Castro Perez. *See* 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That was not done here because officials view him as categorically ineligible for bond under § 1225(b)(2). (*See* ECF 7.) The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

3:25-CV-1090-CCB-SJF, 2026 WL 81753, at *1 (N.D. Ind. Jan. 12, 2026) (Brisco, J.); *see also Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025) (ordering government to provide immediate bond hearing for petitioner who was arrested within the interior of the United States and wrongly classified as an "applicant seeking admission" under 8 U.S.C. § 1225(b)(2)); *Singh v. Bondi*, No. 1:25-CV-2101-SEB-TAB, 2025 WL 3029524, at *7 (S.D. Ind. Oct. 30, 2025) (same). If the government does not provide him with an individualized bond hearing, then he must be released, because his continued detention without an opportunity for bond is unlawful.[4] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS respondents to release Dany Manuel Castro Perez on or before **February 20, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

---

[4] Because the court concludes that Mr. Castro Perez is entitled to a bond hearing as a matter of statutory law, the court does not reach his alternate argument under the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). To the extent he requests outright release, he has been detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). The Attorney General should be afforded an opportunity to correct the legality of his detention by providing him a bond hearing. *See Nielsen v. Prea*p, 586 U.S. 392, 411 (2019) ("[A]s we have held time and again, an official's crucial duties are better carried out late than never.").

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order;

(3) **ORDERS** the respondents to file proof of compliance with this order by **February 24, 2026**; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on February 12, 2026

                                                    /s/*Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT